IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-456-FL

| | | |
|---|---|---|
| ANNE F. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ASTORIA FEDERAL SAVINGS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on *pro se* plaintiff's application to proceed *in forma pauperis* without prepayment of fees under 28 U.S.C. § 1915, and with benefit of Memorandum and Recommendation (M&R) issued by Magistrate Judge William A. Webb on September 19, 2008. The magistrate judge recommends that plaintiff's motion to proceed *in forma pauperis* be granted, but that the complaint be dismissed for failure to state a claim. Plaintiff responded to the M&R with objections filed September 24, 2008. In this posture, the issues raised are ripe for ruling.

The district court conducts a *de novo* review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The court finds that plaintiff has demonstrated appropriate evidence of inability to pay the

required court costs. Accordingly, the court adopts the recommendation of the magistrate judge and GRANTS plaintiff's application to proceed *in forma pauperis*.

Nonetheless, the magistrate judge, having determined that plaintiff alleged no factual allegations to support the claims set forth in her complaint, recommends that the complaint be dismissed for failure to state a claim upon which relief may be granted. Plaintiff objects to this portion of the M&R with a filing that attempts to set out, in somewhat greater detail, the factual basis of plaintiff's claim. Guided by the liberal construction to be afforded filings by *pro se* litigants, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976), the court construes this objection as an amended complaint, and the court will thus consider both the original complaint and plaintiff's objection to the M&R in conducting this review.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Though specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." Id. at 1974. A *pro se* complaint in a proceeding *in forma pauperis* must be construed liberally and held to less stringent standards than complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). In reviewing a complaint under 28 U.S.C. § 1915(e)(2)(B), the court must accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Veney v. Wyche, 293 F.3d 726,

730 (4th Cir. 2002)). The court is not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Veney, 293 F.3d at 730 (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

Plaintiff's complaint sets forth the following allegations: "1) Illegal Possession of Property by Occupants; 2) Due Process Not Followed, No Notice or Hearing; 3) Not Represented or Accompanied by Counsel; 4) Forced from Home by Intimidation and Assault by Current Occupants." (DE #1.) In objection to the M&R, plaintiff asserts the following: "1) I am the Homeowner; 2) Someone else in the house now is there illegally; 3) There were no other claims for the house; 4) This house was under Chapter 13 Bankruptcy Protection; 5) I did not receive Notice from the Clerk of Court about any changes; 6) I was living in the property and paying electric and water bills which I can provide; 7) I was working with an advisor regarding the house and BK and can send documents regarding this; and 8) I have suffered severe damages both financially and personally with the loss of my home and Pray for Damages." (DE # 5.) Plaintiff requests $225,000 in damages, that the current occupants of the home be removed, and that the home be deeded to plaintiff.

Upon *de novo* review, the court finds the pleading insufficient under 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief may be granted. Plaintiff has failed to plead any connection between the defendant and the allegedly illegal possession of a property that apparently once was, but no longer is, titled to plaintiff. Plaintiff's conclusory assertion that the property is "illegally" possessed by someone else is, without more, insufficient to state a claim. Plaintiff alleges that the house was an asset in a Chapter 13 bankruptcy filing and that she was paying electric and water bills; plaintiff does not, however, plead any factual allegations to support her claim that the

3

house is unlawfully occupied by the current residents, whoever they may be. It is unclear if defendant, or some unnamed party, is the current occupant, who plaintiff alleges forced her from the home by "intimidation and assault." It is also unclear whether the property in question was foreclosed upon, or by whom. Furthermore, plaintiff alleges that she did not receive notice or a hearing, but plaintiff states no facts suggesting she was entitled to such. Even when liberally construed, plaintiff's complaint fails to allege a plausible claim upon which relief could be granted.

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is GRANTED, however the complaint is DISMISSED without prejudice for failure to survive review under 28 U.S.C. § 1915(e)(2). The clerk is directed to close this case.

SO ORDERED, this the 23rd day of October, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge